IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BERNARD KIRK BARNES,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Case No. **3:23-CV-2816-L-BK** |
| § | |
| **DIRECTOR, TDCJ-CID,** § | |
| § | |
| Respondent. § | |

# ORDER

Texas state prisoner Bernard K. Barnes ("Petition") brought this habeas corpus case under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §§ 2241, 2254, to challenge the denial of street-time and jail-time credit after his parole was revoked. Respondent Bobby Lumpkin, as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, argues in Respondent's Answer that the court should "dismiss Barnes's petition with prejudice because some of his claims are not cognizable on federal habeas review, and all of his claims are unexhausted and procedurally barred and lack merit." Doc. 24 at 1.

On September 5, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 28) was entered, recommending that the court deny Petitioner's habeas petition and dismiss with prejudice this habeas action brought pursuant to 18 U.S.C. § 2254 because the claims asserted by him[1] are unexhausted. The magistrate judge, therefore, concludes that the Petitioner's unexhausted claims are not properly before the court, and

---

[1] The Report notes that Petitioner has asserted the following claims in this action involving the alleged deprivation of his street-time credit, alleging that: (1) the parole board illegally deprived him of his constitutionally protected liberty interest in his street-time credit; (2) the parole board denied him notice of the intent to forfeit his street-time credit; (3) his street-time credit was improperly forfeited under an *ex post facto* clause; (4) he did not receive credit for the "6 flat years" he was incarcerated; and (5) Respondent did not have authority to forfeit his street-time credit and extend his original sentence. Report 2-3.

**Order – Page 1**

he has not shown that exceptional circumstances exist that would permit him to proceed with these claims without first exhausting them. Alternatively, the magistrate judge determined that Petitioner's *ex post facto* and due process claims based on the loss of street-time credit and the resulting extension of his sentence fail on the merits. Report 8 (concluding that Petitioner has "not shown the adjudication of his state habeas street-credit claim resulted in a decision that was based on 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding' as required by 28 U.S.C. § 2254(d)(2), and he has not "met his burden of rebutting the presumption of correctness by clear and convincing evidence under 28 U.S.C. § 2254(e)(1).").

Petitioner filed a Response and Memorandum of Points and Authorities, which the court construes as objections to the Report. *See* Docs. 29-30. His objections address the magistrate judge's exhaustion and merits determinations. The court, however, determines that these arguments fail for the reasons explained in the Report and do not overcome the grounds and reasoning in the Report supporting dismissal. In addition, the court agrees with Respondent that Petitioner's claims are procedurally barred, and "[i]t would now be futile for [him] to attempt to exhaust his claims in state court, as they would be barred from review in state habeas court." Doc. 24 at 10-11. Although this argument is not addressed in the Report, the magistrate judge acknowledges that the argument was raised by Respondent, and the legal and factual basis for the argument is discussed in detail in Respondent's Answer and supports the dismissal with prejudice of this action and Petitioner's claims as recommended by the magistrate judge.

Having considered Petitioner's habeas petition,[2] Respondent's Answer, the file, record in

---

[2] The Report notes that the magistrate judge construed several filings by Petitioner as his habeas petition. *See* Report 2 n.3.

**Order – Page 2**

this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge **as supplemented by this order** are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections to the Report and **dismisses with prejudice** this habeas action and the claims asserted by Petitioner.[3]

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[4] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right"

---

[3] Although a habeas petition should ordinarily be dismissed without prejudice if an issue has not been exhausted in state court, habeas claims that are procedurally barred are often dismissed with prejudice. *See Chancellor v. Mississippi*, 129 F. App'x 878, 879-80 (5th Cir. 2005) (citing *Rose v. Lundy*, 455 U.S. 509, 513-19 (1982)); *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999) ("[I]t was an abuse of discretion to dismiss Horsley's petition without prejudice when his successive writ would be barred by the Texas court under the abuse-of-the-writ doctrine. Accordingly, we dismiss Horsley's successive petition with prejudice."). "Only when the petitioner makes a colorable showing that his unexhausted claims would be considered on the merits by the state courts if he attempted to exhaust them, should the claims be dismissed without prejudice." *Walker v. Thaler*, No. Civ. A. H-08-3594, 2009 WL 3460262, at *3 (S.D. Tex. Oct. 23, 2009) (citing *Horsley*, 197 F.3d at 136-37). Here, Respondent has established Petitioner's claims should be dismissed with prejudice as procedurally barred. On the other hand, Petitioner's objections do not take issue with or attempt to refute this contention by Respondent or the magistrate judge's recommendation that dismissal of this action and his claims should be with prejudice.

[4] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**

and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. If a notice of appeal is filed, Petitioner must pay the appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 25th day of November, 2025.

    Sam A. Lindsay  
    United States District Judge